IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTOINE WAINWRIGHT, )
)
      Plaintiff, )
)
vs. ) Case No. 17-cv-1055-SMY-RJD
)
DR. JOHN TROST, et al., )
)
      Defendants. )

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Antoine Wainwright, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Specifically, Plaintiff alleges that he did not receive appropriate medical care for his severe back pain from staff at Menard and Memorial Hospital of Carbondale. Following threshold review, Plaintiff proceeds on one Count:

    **Count 1:** Defendants Trost, Moldenhauer and Knauer showed deliberate indifference to Plaintiff's serious medical need involving his cervical spine and severe back, neck, and arm pain in violation of the Eighth Amendment.

This matter is before the Court for consideration of Defendants' Motions for Summary Judgment on Exhaustion (Docs. 34 and 37). Plaintiff filed a Response (Doc. 43). For the following reasons, Defendants' motions are **GRANTED**.

## Background

The following relevant grievances are contained in the record:

**March 3, 2017**[1]: Wainwright states that he has undergone multiple back surgeries and is experiencing severe lower back pain. Dr. Engelhard from University of Illinois Hospital was the surgeon who performed his back surgeries. Wainwright states that for the past three years, while housed at Stateville Correctional Center, his back pain was treated with epidural steroid injections. According to Wainwright, Dr. Engelhard told him that when he stopped responding to epidural steroid injections, he should come back for a follow-up to discuss possible surgical decompression of the cervical spine. Wainwright asserts that he was scheduled for a follow-up appointment with Engelhard to discuss further surgery but was transferred to Menard before the appointment occurred. Wainwright complains that he was transferred prior to his appointment. He attached medical records dated July 2016 from University of Illinois Hospital and Health Services System regarding his previous back surgeries to his grievance. He also complains that since arriving at Menard, he has been denied treatment for his back pain. Wainwright also notes that at his visit to SIH Brain and Spine Institute on March 2, 2017 (the day before he filed the grievance), he was not seen by a neurosurgeon, but only by a physician's assistant who ordered an x-ray. The relief requested was to be scheduled for an appointment with Dr. Engelhard for an evaluation of surgical decompression of his cervical spine.

On April 4, 2017, the Counselor responded that HCU was contacted and Wainwright was seen at the beginning of March by an outside neurosurgeon who did not see a need for surgery. Wainwright appealed to the Grievance Officer. On April 19, 2017, the Grievance Officer's Report was issued, stating the grievance had been reviewed and that the issue was handled appropriately by the Counselor. The Grievance Officer contacted HCU for an update and was advised that Wainwright was seen by an outside neurosurgeon in March who determined surgery was not indicated, and that Wainwright had an appointment with Moldenhauer on April 21,

---

[1] This grievance is dated March 1, 2017 at the top of the grievance, but signed by Wainwright on March 3, 2017.

2017. The recommendation was that the grievance be moot. On May 5, 2017, the CAO concurred with the recommendation. On May 10, 2017, Wainwright appealed to the ARB. On August 2, 2017, the ARB issued a report finding the issue moot, as Wainwright was seen by an outside physician in March and the treatment ordered by that physician is not within the jurisdiction of the ARB.

**April 22, 2017**: Wainwright states that he was seen by Dr. Moldenhauer regarding his back pain on April 21, 2017. He explained to Moldenhauer his previous history of back surgeries performed by Englehard and requested that he be sent back to Englehard for further treatment. Wainwright states that he is experiencing sharp pain in his back and the Gabapentin he gets twice a day only provides a little relief. He complains that Moldenhauer told him there is nothing further he could do for him because the neurosurgeon said he did not require surgery. Wainwright told Moldenhauer he did not see the neurosurgeon, only the physician assistant. Wainwright believes the actions of Moldenhauer and Dr. Siddiqui exhibit deliberate indifference to his serious medical needs. He attached medical records as exhibits to the grievance.[2] The requested relief was to be sent to Dr. Englehard at U.I.C. Hospital.

On May 3, 2017, the Counselor responded that this issue had been previously addressed, and that Wainwright would be put in the sick call line to speak to a medical professional. There is no documentation that the grievance was appealed.

**April 25, 2017**: Wainwright states, "on March 2, 2017, I was seen by a physician assistant at Carbondale Memorial Hospital who stated that there was nothing wrong with my cervical spine or lower back and she doesn't see any need for surgical procedure." He alleges she did not consult with any neurosurgeon during his visit. He states he told her he was in severe pain and could not bend over, and she responded by telling him she would order an x-ray. He

---

[2] It is unclear exactly which medical records were attached as exhibits.

complains that she did not examine him and was not aware of his medical history and previous back surgeries. He references exhibits in his grievance.[3] The relief requested was to be seen by Neurosurgeon Dr. Engelhard at U.I.C. Hospital.

On May 3, 2017, the Counselor responded that this issue had been previously addressed, and that Wainwright would be put in the sick call line to speak to a medical professional. There is no documentation that the grievance was appealed.

After a careful review of the arguments and evidence set forth in the parties' briefs, the Court has determined that an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) is not necessary.

## Legal Standards

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). When deciding a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

---

[3] It is unclear what exhibits were submitted along with the grievance.

Pursuant to 42 U.S.C. § 1997e(a), inmates are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 Ill. Admin. Code § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer (usually the warden) within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* §_504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 Ill. Admin. Code § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may also submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## **Discussion**

Defendants Trost and Moldenhauer argue that Plaintiff failed to exhaust his administrative remedies as to either of them because they are not mentioned in the March 3, 2017 grievance – the only grievance regarding Wainwrights medical treatment at Menard that was fully exhausted. Moldenhauer acknowledges that he was identified in the April 22, 2017 grievance, but asserts Wainwright did not appeal the grievance and therefore did not exhaust his administrative remedies.

The March 3, 2017 grievance does not identify either Trost or Moldenhauer by name. Moreover, Defendants assert they are not identified in the March 3, 2017 grievance because it predates his allegations against either of them. They point to Wainwright's Complaint which sets forth that the allegations against Dr. Trost took place on March 15, 2017, and the allegations against PA Moldenhauer took place on April 11, 2017 and April 21, 2017. Defendants argue the March 3, 2017 grievance cannot relate to Wainwright's stated allegations against either of them because those allegations occurred after the grievance was prepared.

Wainwright alleges that Defendant Knauer did not thoroughly investigate the March 3, 2017 grievance submitted to the ARB and that she issued an unprofessional decision. Knauer

argues that Wainwright failed to exhaust his administrative remedies because he did not file a grievance regarding her actions prior to filing suit.

Wainwright references 3 grievances in his Response to show that he exhausted his administrative remedies prior to filing suit – March 3, 2016, March 3, 2017, and May 5, 2018. The first grievance dated March 3, 2016 was filed while Plaintiff was housed at Stateville Correctional Center, prior to his transfer to Menard. This grievance concerns medical treatment he was receiving while at Stateville and is not relevant to the allegations in this case. The May 5, 2018 grievance was filed on September 29, 2017, and as such, could exhaust Wainwright's administrative remedies because it was not filed prior to suit.

The March 3, 2017 grievance submitted by Wainwright was filed while he was housed at Menard and is relevant to the claims in this case. Therefore that grievance, as well as the April 2017 grievances contained in the record will receive further review.

The March 3, 2017 grievance did not provide sufficient information to put the institution on notice as to Wainwright's complaints against Trost and Moldenhauer. This grievance sets forth multiple issues, but the chief complaint was that Wainwright was transferred from Stateville to Menard prior to his scheduled appointment with Dr. Englehard. The requested relief was that he be sent for that appointment. While Wainwright mentions that he is being denied any kind of treatment or relief at Menard, he also states that he was sent for an outside consultation the previous day. However, he complains about being seen by a physician's assistant and not a neurosurgeon at his outside appointment. According to Wainwright's Complaint, the allegations against Trost and Moldenhauer occurred after the March 3, 2017 grievance was filed. Additionally, not only does the grievance fail to mention Trost or Moldenhauer by name, it also does not refer to any specific conduct that would have put the facility on notice as to his complaints against either of them. ,The April 22, 2017 grievance does

mention Moldenhauer by name, and Wainwright did not appeal the grievance. Therefore, he failed to exhaust his administrative remedies, and Defendants Trost and Moldenhauer are entitled to summary judgment.

Wainwright's grievances regarding his medical treatment also did not serve to exhaust his administrative remedies as to his allegations regarding Knauer's review of his grievance for the ARB. According to the record, Wainwright did file a grievance naming Knauer on February 16, 2018. However, this grievance did not exhaust his administrative remedies because it was not filed prior to suit. Defendant Knauer is therefore entitled to summary judgment.

## Conclusion

For the foregoing reasons, Defendants' Motions for Summary Judgment for Failure to Exhaust Administrative Remedies (Docs. 34 and 37) are **GRANTED**; Plaintiff's claims against Defendants Knauer, Trost, and Moldenhauer are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED: August 13, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**